# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BONASORTE and THE PITTSBURGH STOP, INC., <br> Plaintiffs, <br><br> vs <br><br> CITY OF PITTSBURGH, *et al*., <br> Defendants. | Civil Action No. 18-0243 <br> Judge Nora Barry Fischer |

## MEMORANDUM OPINION

### I. INTRODUCTION

In this civil rights action, the U.S. Magistrate Judge issued a Report and Recommendation ("R&R") on February 7, 2019 recommending that Defendants, the City of Pittsburgh and Guy Costa's Motion to Dismiss Plaintiffs Charles Bonasorte and the Pittsburgh Stop, Inc.'s Second Amended Complaint be granted, in part and denied, in part. (Docket No. 41). Presently before the Court are Defendants' Objections to the R&R, (Docket No. 42), and Plaintiffs' Response in Opposition, (Docket No. 43). After conducting a de novo review of the R&R and having carefully considered all of the parties' submissions, this Court adopts the R&R, in part, to the extent that it recommends that Defendants' motion to dismiss Plaintiffs' declaratory/injunctive relief and due process claims (Counts I and II) be granted but declines to adopt the R&R to the extent that the Magistrate Judge recommends that Defendants' motion to dismiss Plaintiffs' equal protection and *Monell* claims (Counts III and IV) be denied. For the reasons more fully stated herein, the Court grants Defendants' motion to dismiss and all of Plaintiffs' claims will be dismissed, with prejudice.

### II. LEGAL STANDARD

As the facts are sufficiently set forth in the R&R, the Court starts its analysis with the relevant legal standard. (*See* Docket No. 41). To this end,

> [w]hen objections are filed to a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Raddatz*, 447 U.S. 667, 674-75 (1980) (explaining the standard for a district court's review of a magistrate judge's report and recommendation). The district court may accept, reject or modify—in whole or in part—the magistrate judge's findings or recommendations. § 636(b)(1)(C). Although the standard of review is de novo, § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 676; *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) (noting the discretion district courts have in their use of magistrate judges' reports).

*Jerry-El v. Luther*, No. 16-404, 2017 WL 5589090, at *3 (W.D. Pa. Nov. 21, 2017) (quoting *Hinton v. Mark*, No. 3:10-CV-305, 2017 WL 4342204, at *2 (W.D. Pa. Sept. 29, 2017)).

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). To survive a Rule 12(b)(6) challenge, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)). "Thus, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Although the Court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, the plaintiff must plead facts which permit the court to make a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556–57.

Consistent with these principles, the Third Circuit Court of Appeals has prescribed a three-step analysis for purposes of determining whether a claim is plausible. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Second, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Third, the Court should assume the veracity of all well-pled factual allegations and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). This third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

III.  DISCUSSION

At the outset, the Court adopts the R&R insofar as it recommends dismissal of Plaintiffs' Counts I and II for failure to state a claim upon which relief may be granted. (Docket No. 41). Plaintiffs did not timely object to the dismissal of either claim by the established deadline of February 21, 2019 and therefore waived the cursory arguments to reinstate Count II they have put forth in their response to Defendants' objections filed on March 7, 2019. *See Virgin Islands Water and Power Authority v. General Elec. Intern. Inc.*, 561 F. App'x 131, 134 (3d Cir. 2014) (party waives objections to a Magistrate Judge's order by failing to properly object to same before District

Court). With that said, the Court overrules Plaintiffs' untimely objections and grants the motion to dismiss Counts I and II.[1]

In their Objections, Defendants reassert the defense of qualified immunity on behalf of Costa as to the class of one equal protection claim at Count III. (Docket No. 42). Although it was raised below, this defense was not specifically analyzed in the R&R and Defendants put forth a more robust argument for dismissal in their Objections. (Docket No. 41). At this stage, Defendants maintain that Plaintiffs have failed to meet either prong of the applicable test to defeat the qualified immunity defense as they have not sufficiently pled their claim nor shown that the asserted rights were clearly established at the time. (Docket No. 42). Plaintiffs respond that they have sufficiently pled a "class of one" equal protection claim and while they admit that "'class of one' jurisprudence is still being fleshed out," they claim, without citing any authority, that their rights to not be subject to targeted, selective enforcement are "well-established." (Docket No. 43 at 6). Having considered the matter, the Court agrees that Count III is subject to dismissal as Plaintiffs cannot overcome the asserted qualified immunity defense.

As this Court recently articulated,

> Qualified immunity […] attaches "when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 584 U.S. ——, 138 S.Ct. 1148, 200 L.Ed.2d 449 (2018) (per curiam) (citations omitted); *Bland v. City of Newark*, 900 F.3d 77 (3d Cir. 2018); *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015); *El v. City of Pittsburgh*, No. CV 15-834, 2018 WL 3707420, at *9 (W.D. Pa. Aug. 3, 2018).
>
> …
>
> In resolving questions of qualified immunity, "courts engage in a two-pronged inquiry: (1) whether the plaintiff sufficiently

---

[1] The Court alternatively holds that Count II is subject to dismissal as to Costa on the basis of qualified immunity as Plaintiffs have failed to sufficiently plead that their constitutional rights to procedural and substantive due process were violated nor demonstrated that the alleged rights were clearly established. *See L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016).

4

> alleged the violation of a constitutional right, and (2) whether the right was 'clearly established' at the time of the official's conduct." *Bland*, 900 F.3d at 83 (citing *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016)). A court may evaluate these two prongs "in the order [it] deem[s] most appropriate for the particular case before [it]." *Santini*, 795 F.3d at 418 (citation omitted).

*Kelley v. O'Malley*, 328 F. Supp. 3d 447, 454 (W.D. Pa. Sept. 13, 2018). Further, "while issues of fact may preclude a definitive finding on the question of whether the plaintiff's rights have been violated, the court must nonetheless decide whether the right at issue was clearly established. Failure to do so is error." *Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 637, n.4 (3d Cir. 2015).

> Although "[the Supreme] Court's caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White*, 580 U.S., at ——, 137 S.Ct. at 551 (internal quotation marks omitted). "In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law." *Ibid.* (internal quotation marks omitted). [The Supreme] Court has "'repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality.'" *City and County of San Francisco v. Sheehan*, 575 U.S. ——, ——, 135 S.Ct. 1765, 1775–1776, 191 L.Ed.2d 856 (2015) (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)); *see also Brosseau, supra,* at 198–199, 125 S.Ct. 596.

*Kisela*, 138 S.Ct. at 1152. "Moreover, at the time the action is taken, the 'legal principle [must] clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Bland*, 900 F.3d at 83 (citing *District of Columbia v. Wesby*, —— U.S. ——, 138 S.Ct. 577, 590, 199 L.Ed.2d 453 (2018) (internal quotation marks and citation omitted)).

> When addressing qualified immunity in the context of equal protection claims, we have cautioned that "[i]t is not enough to address the plaintiffs' equal protection claim in the broad sense."

5

> *Hynson ex rel. Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1032 (3d Cir. 1988). Instead, a court "must focus on [the] particularized right," *id.* defining "the right allegedly violated at the appropriate level of specificity." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012). Stripping qualified immunity based upon broadly stated abstractions of the right at issue "would ... convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability" where a party alleges the "violation of extremely abstract rights." *Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 638 (3d Cir. 2015) (citing *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

*Bag of Holdings, LLC v. City of Philadelphia*, 682 F. App'x 94, 98 (3d Cir. 2017).

In this Court's estimation, Plaintiffs have failed to demonstrate that a reasonable official in Costa's position would have understood that his alleged actions violated their equal protection rights and have not pointed this Court to any binding precedent showing that their asserted rights were clearly established at the time. (*See* Docket No. 43 at 6). Indeed, they have not cited any analogous cases involving an asserted equal protection violation arising from a public official's alleged selective enforcement of parking ordinances against a vending business and its owner by directing those entities with discretion to issue tickets, i.e., the City of Pittsburgh Bureau of Police and the City of Pittsburgh Parking Authority, to ticket Plaintiffs' vehicles. (*Id.*). Further, a selective enforcement claim under the equal protection clause is only cognizable if the selective treatment is "based upon an unjustifiable standard such as race, religion, or other arbitrary classification" such as the "exercise of a fundamental right." *PG Pub. Co. v. Aichele*, 902 F. Supp. 2d 724, 757 (W.D. Pa. Oct. 9, 2012), *aff'd*, 705 F.3d 91 (3d Cir. 2013) (citations omitted). But, no such circumstances are present here and Plaintiffs have, at most, alleged a "class of one" equal

protection violation at a high level of generality which the cases teach is simply not enough to overcome a qualified immunity defense.[2]  See *Bag of Holdings, LLC*, 682 F. App'x at 98.

The Court also alternatively holds that Plaintiffs have failed to sufficiently plead any violation of their equal protection rights under the circumstances set forth in their Second Amended Complaint.  To this end, the Equal Protection Clause provides that "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV, § 1. The Equal Protection Clause "creates no substantive rights." *Vacco v. Quill*, 521 U.S. 793, 799, 117 S.Ct. 2293, 138 L.Ed.2d 834 (1997). "Instead, it embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly." *Id*. Under the "class of one" theory set forth in *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), Plaintiffs have the burden to demonstrate that they were "treated differently from others similarly situated *and* that there was no rational basis for such disparate treatment." *Whittaker*, 674 F.Supp.2d at 691-92 (emphasis in original).

"To establish that entities were similarly situated for purposes of an equal protection claim, they must be 'alike in all relevant aspects.'" *Cole v. Encapera*, --- F. App'x ----, 2018 WL 6822298, at *3 (3d Cir. Dec. 28, 2018) (quoting *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted)).  Plaintiffs must also show that they were subject to "intentionally different treatment [that] is 'irrational and wholly arbitrary.'" *Eichenlaub*, 385 F.3d at 286 (quoting *Village of Willowbrook*, 528 U.S. at 564). The Court of Appeals has recognized that "[t]hese challenges fail when 'there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Highway Materials, Inc. v. Whitemarsh Tp.*, 386

---

[2]  The Court's independent research has not located any binding analogous cases.  Perhaps the closest factual scenario is *Patterson v. Strippoli*, 639 F. App'x 137, 144-45 (3d Cir. 2016), but that case is non-precedential and did not address a qualified immunity defense or whether the equal protection rights were clearly established at the time.

F. App'x. 251, 259 (3d Cir. 2010) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)). The Court of Appeals "'do[es] not view an equal protection claim as a device to dilute the stringent requirements needed to show a substantive due process violation.'" *Highway Materials,* 386 F. App'x at 259 (quoting *Eichenlaub*, 385 F.3d at 287)).

Here, Plaintiffs have not sufficiently alleged that they were similarly situated to any other persons or entities in all relevant respects nor that Defendants' treatment of them was irrational and wholly arbitrary. *Startzell*, 533 F.3d at 203. In this regard, Plaintiffs admit that they operate a sidewalk vending business selling t-shirts, hats and other memorabilia on the sidewalks at the intersection of Forbes Avenue and Bigelow Boulevard in Oakland under a vending permit which does not cover parking of any vehicles on the surrounding streets. (Docket No. 25 at ¶¶ 6-9). They plead that, for a period of at least three years, they have parked the same two trucks used for the vending business' operations in metered spots during the day, paying the required fees and then keep the trucks parked in those spots every night, when payment of the meter fees is not required. (*Id.* at ¶¶ 10-12). They admit that the version[3] of the ordinance in effect for most of the events in question "forbids parking of 'any vehicle not classified as an automobile' on any City street between 10:00 p.m. and 7:00 a.m. This includes any Oversized Vehicle, truck, motorcycle, pedacycle, and other vehicles." (*Id.* at ¶ 31). Plaintiffs further concede that they continued to park their vehicles overnight even after receiving numerous citations for violating this ordinance. (*Id.* at ¶¶ 17, 23, 24).

Plaintiffs complain that neither the City nor Costa have enforced the ordinance against other vehicles for parking more than two hours overnight, listing several examples of vehicles which they have observed parking near the same intersection and in other parts of the City. (*Id.* at

---

[3] The Court notes that the ordinance was amended in 2015 and 2018. (*See* Docket Nos. 25 at ¶ 13; 41 at 2-3).

¶¶ 17, 27). However, Plaintiffs are not similarly situated to the owners of those alleged similarly situated vehicles cited in their Second Amended Complaint for several reasons. First, as the Magistrate Judge notes, many of the vehicles were allegedly parked in different areas of the City, i.e., in Pittsburgh neighborhoods within blocks of Forbes and Bigelow; on Margaret Morrison Road near the Carnegie Mellon campus; in Brighton Heights and North Side neighborhoods; and, in the Strip District, Squirrel Hill, Hazelwood, and Southside neighborhoods. *See e.g., South Allegheny Pittsburgh Restaurant Enterprises, LLC v. City of Pittsburgh*, 2019 WL 251506, at *9 (W.D. Pa. Jan. 17, 2019) (business not similarly situated to another operating in a different area of the city). Second, as to the only vehicle Plaintiffs specifically mention, i.e., the Carnegie Mellon Research to Go vehicle, they allege that the vehicle is illegally parked for "weeks at a time" on neighborhood streets, "at times, within blocks of Plaintiffs." (Docket No. 25 at ¶ 27). Third, none of those vehicles have been parked on City streets continuously for a period of three years, all day and night, and cited numerous times for violating the ordinance. (*Id*. at ¶¶ 11, 23). Fourth, those vehicles which were allegedly parked on Bigelow and Forbes are not used for operating a vending business on the surrounding sidewalks. (*Id*. at ¶ 27). Overall, the Court finds that Plaintiffs have failed to allege that they are similarly situated in all relevant respects to the owners of these other vehicles. *Startzell*, 533 F.3d at 203.

But, even if the Court concluded otherwise, it would still find that Defendants have set forth a rational basis for enforcing the ordinance, the obvious purpose of which furthers the legitimate governmental objective of controlling parking by oversized vehicles on City streets. *See Highway Materials, Inc.*, 386 F. App'x. at 259 (quoting *Heller*, 509 U.S. at 320) (equal protection "challenges fail when 'there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'"). To reiterate, Plaintiffs admit that their two

9

oversized vehicles are being used to support their nearby sidewalk vending operations and are parked continuously, day and night, near the intersection of Forbes and Bigelow. (Docket No. 25 at ¶¶ 10-12). While Plaintiffs allege that they were successful in having the citations dismissed before local magistrates, they concede that the ordinance states on its face that it applies to bar oversized vehicles from parking more than 2 hours overnight on "all streets." (*Id*. at ¶ 31). Plaintiffs further admit that they have not obtained a definitive ruling from the Court of Common Pleas interpreting the challenged ordinance because none of the lower court decisions in their favor limiting the ordinance to residential streets have been appealed to that level. (*Id*. at ¶ 25). Hence, there remains a reasonable dispute between the parties as to the application of the ordinance to Plaintiffs' unique circumstances whereby they continuously park their vehicles in the area to best support their business, despite being well aware of the text of the ordinance. Accordingly, Defendants' motion to dismiss Count III is granted.

Next, following the Court's rulings dismissing Plaintiffs' § 1983 claims at Counts II (procedural and substantive due process) and III (equal protection), their *Monell* claim must also be dismissed because they have failed to plead an underlying violation of their constitutional rights. *Mills v. City of Harrisburg*, 350 F. App'x. 770, 773, n. 2 (3d Cir. Oct. 30, 2009) ("Absent an underlying constitutional violation by an agent of the municipality, [...] the municipality itself may not be held liable under § 1983."); *Jackson v. City of Pittsburgh*, No. CIV.A. 07-111, 2011 WL 3443951, at *27 (W.D. Pa. Aug. 8, 2011), *aff'd sub nom. Jackson v. City of Pittsburgh Pa.*, 492 F. App'x 297 (3d Cir. 2012) ("It is well-established that Plaintiff's § 1983 claim against the City of Pittsburgh under *Monell* is 'derivative' in nature"). Accordingly, Defendants' motion to dismiss Count IV and the other claims against the City is also granted.[4]

---

4     The Court notes that Plaintiffs' Second Amended Complaint also purports to enforce unstated Pennsylvania law through § 1983. (*See e.g.* Docket No. 25 at 10 ("Count II: Bonasorte v. City of Pittsburgh and Guy Costa (1983

10

The Court's final inquiry is whether the dismissal of the federal claims in Plaintiffs' Second Amended Complaint should be with prejudice or without prejudice. The United States Court of Appeals for the Third Circuit has held that in civil rights cases "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002). "Leave to amend may be denied for futility if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 841 (3d Cir. 2014) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) and citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Here, the Court finds that any further amendment of Plaintiff's claims would be futile given the Court's analysis of the claims set forth above. In addition, Plaintiffs filed two amended pleadings in this matter and have not affirmatively sought leave to file a third amended complaint nor supplied this Court with a proposed pleading such that leave to amend may be denied on these grounds as well. *See, e.g., U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) ("[A] 'bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought ...—does not constitute a motion within the contemplation of Rule 15(a).'") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994)); *McWreath v. Range Res.–Appalachia, LLC*, 645 Fed.Appx. 190, 196 (3d Cir. 2016) ("[T]he failure to submit a draft amended complaint 'is fatal to a request for leave to

---

Claim Under 14th Amendment and Pennsylvania Constitution"); at 10 ("Count III: Bonasorte v. City of Pittsburgh and Guy Costa (Equal Protection 'Class of One,' Federal and Pennsylvania")). Such claims are subject to dismissal as § 1983 permits the enforcement of federal rights and cannot be used as a mechanism to vindicate state rights. *See One Three Five, Inc. v. City of Pittsburgh*, 951 F. Supp. 2d 788, 809 (W.D. Pa. 2013) ("Plaintiff's state constitutional claim is not cognizable under § 1983 because it is a statute designed to protect federal rights and may not be used by litigants as a vehicle to enforce provisions of the Pennsylvania Constitution.").

amend.'") (quoting *Zizic*, 728 F.3d at 243). Accordingly, the Court will dismiss all of Plaintiffs' claims, with prejudice.

## IV. CONCLUSION

Based on the foregoing, the R&R [41] is adopted, in part and denied, in part and Defendants' motion to dismiss [28] is granted. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: April 15, 2019
cc/ecf: All counsel of record.